**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PROGRESSIVE SPINE & ORTHOPAEDICS, LLC, | No: 1:19-cv-10656-WHW-CLW |
| Plaintiff, | |
| v. | |
| AMF BOWLING CENTERS INC. EMPLOYEE BENEFITS PLAN, | **Opposition to Defendant's Motion to Dismiss and Certification of Service** |
| Defendant. | |

<u>**Statement Why No Brief Is Necessary Pursuant To L. Civ. R. 7.1(d)(4)**</u>

Below, I write briefly in opposition to Defendant's motion to dismiss. The abbreviated nature of this argument does not warrant a full motion brief.

This Court lacks subject-matter jurisdiction. *See* D.E. 12 (Plaintiff's motion to remand for lack of subject-matter jurisdiction). Accordingly, this Court lacks jurisdiction to adjudicate the claims raised in Defendant's motion. The motion should be denied as moot. *See e.g., Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 355 (3d Cir. 1995) (a "district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved").

If this case is not remanded, Plaintiff should instead be given an opportunity to replead its complaint. *See Shane v. Fauver,* 213 F.3d 113, 116-117 (3d Cir. 2000) (plaintiff must be given leave to amend, unless such would be futile).

As to Defendant's argument that Plaintiff cannot state an unjust enrichment claim -

perhaps. Plaintiff's situation may better fit into other causes of action. However, the crux of

Plaintiff's argument is that it is burdened because it was obligated to provide emergency medical

care for a patient covered by Defendant's healthcare plan, for which the plan has paid a  mere

pittance. *See Saint Barnabas Med. Ctr. v. Essex Cty.*, 111 N.J. 67 (1988) (permitting

quasi-contract claim of medical provider suing for payment for medical services provided to

prisoners, as the county's prison had an obligation to provide for such care had the hospital not

done so). Accordingly, Plaintiff should be reimbursed at a reasonable rate, unrelated to any

payment formulas provided for in the plan. *See e.g.*, *Dugan v. TGI Fridays, Inc.*, 231 N.J. 24, 56

(2017) (collecting cases, and explaining that New Jersey law generally "authorizes the court to

determine what would constitute a reasonable price"); *Cf.* N.J.S.A. 34:15-15 (worker's

compensation statute requiring payment for medical charges at a rate which is "reasonable and

based upon the usual fees and charges which prevail in the same community for similar …

services."); *C.f.* N.J.A.C. 11:3-29.4(e) (PIP regulation requiring insurers to pay a "usual,

customary, and reasonable fee" for charges not on State's fee schedule, and discussing how to

prove such fees through the use of commercial databases).

Additionally, if given the opportunity to amend its complaint, Plaintiff may raise an

additional misrepresentation-type claim. Prior to seeing the patient on an emergency basis in the

hospital, Plaintiff briefly saw the patient in its private medical office and received a promise as to

the payment rate from Defendant's claims administrator. *See e.g., Broad St. Surgical Ctr., LLC v.*

*UnitedHealth Grp., Inc.*, 2012 WL 762498, at *12 (D.N.J. Mar. 6, 2012) (unpublished)

(permitting negligent misrepresentation claim, explaining that insurer has duty to provide

"accurate information regarding reimbursement for medical services" to medical provider); *St. Peter's Univ. Hosp. v. New Jersey Bldg. Laborers Statewide Welfare Fund*, 431 N.J. Super. 446, 458 (App. Div. 2013) (collecting cases).

As to Defendant's ERISA preemption argument, Plaintiff's amended pleading would clarify the issue. *Id.* at 458 (collecting cases from various federal circuits to explain that "certain state causes of action by health care providers against insurance companies were not preempted…." by ERISA); *Finderne Mgmt. Co. v. Barrett*, 355 N.J. Super. 170, 194-95 (App. Div. 2002) (state law claims regarding misrepresentations that would not exist but for an ERISA plan, but are only tangentially related to the plan, are not preempted because while "ERISA preemption is clearly expansive, to interpret the language to its furthest extent would render the reach of the provision limitless." (internal cites and quotes omitted)).

Accordingly, Defendant's motion to dismiss should be denied as moot. Alternatively, Plaintiff should be given an opportunity to replead its complaint.

## **Certification of Service**

I certify that on the date signed below, I electronically filed this document with the clerk of court using the CM/ECF system, which will send notice of electronic filing to attorneys of record.

Dated: June 24, 2019

/s/ Jordan B. Dascal
Jordan B. Dascal
Dascal Law LLC
350 Springfield Ave, Ste 200
Summit, NJ 07901
T: (732) 930-1110
F: (732) 307-6952
jordan@dascallaw.com